**11 CIV. 6379**

STATE OF NEW YORK

COURT OF CLAIMS

-----------------------------------X

LERROY BROWN

                    Claimant,

      -against-

THE CITY OF NEW YORK, THE CITY
OF NEW YORK POLICE DEPARTMENT,
NEW YORK COUNTY DISTRICT ATTORNEY's
OFFICE,

                 Defendants.

-----------------------------------X

COMPLAINT

42 U.S.C. §1983/1981 (a)(c)
            1985(3)
40(c) N.Y. State Const.

I, LERROY BROWN, Pro Se litigant herein, declare under the penalty of perjury, pursuant to 28 U.S.C.A.§1746, that the information provided herein, is true and correct, upon belief of documents received from the District Attorney's Office, and the New York City Police Department, which is the source of plaintiff's information.

1. Plaintiff assert that the defendant's verified answer dated on July 28, 2011, and the annexed documents, fails to state and or certify that the statements made in there papers are true and correct in accordance with the statutory requirements of 28 U.S.C.A.§1746, nor did Erict T. Schneiderman, an Attorney General of the State of New York proved by a sworn declaration a verification that the statements made in the papers with respect to the Attorney's action were affirmed under oath or an affidavit in support of the papers executed within the United States, its territories, possessions, or commonwealths: that the foregoing is true and correct.

2. Claimant further assert that his claims arose as a result of the defendant's gross negligence and failure to comply with the statutory requirements of CPL §140.20(1), upon his arrest on

December 30, 2009. Claimant was arrested on December 30, 2009, while exiting his residence at #1964 1st Avenue New York, NY., 10029.

Upon Claimant's arrest by three plain clothes detectives within the proximity of half-way between his building and the guard's booth towards the 1st Avenue exit from his building, one female detective was standing in the middle of the walk-way where Claimant was approaching, Claimant spoke to the female detective asking for an excuse to continue on his way to the store.

As Claimant passed by the female detective two other male detectives jumped from behind the guard's booth and questioned Claimant although he was not read his Miranda Warnings.

The detectives further proceeded to question Claimant as to where he was coming from and if Claimant had identification on his person, at this point all three detectives produced there identifications to Claimant, Claimant provided the detectives with his identification, whereby the detectives further question Claimant about if he had any sharp objects in his pocket.

The two male detectives proceeded and searched Claimant's pockets which led to a path frisk of his person. In the process of searching Claimant one detective placed his hand in the inside of Claimant's jacket packets and retrieved two roachs that were the residue of marijuana joints that Claimant had smoked well over two weeks before that day. Claimant was placed under arrest and brought to the 23 Precinct of New York County.

Claimant was promised a DAT, however, the detectives claimed that Claimant was not eligible for the desk appearance ticket. Claimant was further fingerprinted, photographed, and charged with a misdemeanor charge.

Claimant was brought to the Central Bookings of the New York County Criminal Court after the detectives processed him through the arrest process.

Claimant was further detained from December 30, throughout January 7, 2010, where Claimant was brought through an empty courtroom by a court officer, and was allowed to exit to the street without being brought before a Judge to be arraigned or for the case to be heared.

Claimant further learned upon obtaining a copy of his rap sheet from the Criminal Justice Department, sometime in March of 2010, that the case for his arrest on December 30, 2009, under arrest No. M2009714849 was declined to prosecute on, by the County of New York District Attorney's Office on January 6, 2010, which resulted in his release on January 7, 2010, from the Central Bookings of the County of New York local Criminal Court.

Claimant's case was sealed in termination of criminal action in his favor, pursuant to Criminal Procedure Law §160.50. Claimant further learned on or about and between June and July of 2011, upon conducting research of his current conviction, that he was entitled to obtained his sealed fingerprints and file with respect to his December arrest. Claimant proceeded to inform the Comptroller's office of the City of New York that he intended on filing civil actions for his wrongful arrest and unlawful detention from December 30, 2009, throughout January 7, 2010. Claimant hereby responds in opposition to the verified answer to his notice of intent to file a claim in its entirety. Claimant also submit with his opposition response, Exhibits in support of the source of his information and documents in his possession at this time regarding that December arrest.

## ARGUMENTS

Claimant assert that the defendants are not immune from liability for their actions on December 30, 2009, throughout January 7, 2010. Because the entire process was an abuse of process. Therefore the defendant's affirmative defense Point III, is without merit.

Claimant contends that in his case, where the defendants and its agents and or employees took action without a warrant on the 30 day of December 2009, and arrested him without probable cause, such actions were not privileged See Fourth Amendment of the U.S. Const. In addition, whenever there has been an arrest and further imprisonment without a warrant, the officer(s) has acted extra judicial and the presumption arises that such an arrest and such imprisonment are unlawful. The District Attroney declined to so prosecute the Claimant after he was detained for well over 48 hrs from time of arrest.

Claimant was not aware of any criminal activities that may have resulted in certain risks incident thereto, on December 30, 2009. Because Claimant lives at the place of arrest, and left his "apartment building" to go to the store which does not consists of any criminal activity. There was no criminal acts being committed by Claimant prior to this arrest, because during the course of the entire 30, day of December, 2009, Claimant was in his place of residence. Contrary to the defendant's Point IV claim, and affirmative defense.

Claimant clearly stated in his post-criminal complaint that he was deprived of due process, equal protection of the law, as a result of the procedures, methods, and or process by which he was unlawfully detained for well over 48 hrs upon his arrest.

therefore, the defendant's fourth affirmative defense is without merit and should not be entertained by the court.

Claimant assert in contravention to the defendant's fifth affirmative defense,§ 128. Statutes of limitation-Accural of cause of action-tolling of limitation period, states that while the limitation period applicable to an action under 42 U.S.C.A. § 1983 is determined from state law, the time of accural of such an action is generally a question of federal law.
RUFFINS V. DEPARTMENT OF CORRECTIONAL SERVICES, 701 F.Supp.2d 385 (E.D.N.Y. 2010).
A § 1983 claim accures when the plaintiff knows or has reason to know of the injury that is the basis of the claim.
See in the matter of WILSON V. CITY OF FOUNTAIN VALLEY, 372 F. Supp. 2d 1178 (C.D. Cal. 2004).

Claimant assert that his basis for the claim is rooted in the essence of the cumulative effect of the violation of his fundamental rights secured by the Fourth Amendment of the U.S. Const., and the violation of both State and Federally Constituted rights which was only discovered upon Claimant's current arrest and research of his basic fundamental rights, upon receipt of his rap sheet from the Criminal Justice Services Department. Although state law prescribes statute of limitations applicable to § 1983 claims, federal law governs time of accural 42 C.S.C.A. § 1983. NEVEU V. CITY OF FRESNO, 392 F.Supp. 2d 1159 (E.D. Cal. 2005).

Although the limitations period is borred from state law, accural of a cause of action under BIVENS is determined as a matter of federal law. ASHCROFT V. RANDEL, 391 F.Supp.2d 1214 (N.D. Ga. 2005).

Federal law determines when a § 1983 action accures. 42 U.S.C.A.§

1983. <u>WALDEN V. CITY OF CHICAGO</u>, 391 F.Supp.2d 660 (N.D. Ill. 2005). Federal law governs time of accrual of § 1983 claims, which accrue when plaintiff knows or should have known that his or her constitutional rights have been violated.

<u>McCall v. Board of Com'rs of County of Shawnee, KS,</u> 291 F.Supp.2d 1216 (D. Kan. 2003).

For the purpose of determining  when a claimant knew or had reason to know of the alleged injury so as to determine when a section 1983 claim accrued, courts look to the common law cause of action most closely analogous to the constitutional right at stake.

<u>RODRIGUEZ V. ESTERAS V. SOLIVAN DIAZ</u>, 266 F.Supp.2d 270 (D.P.R. 2003).

Therefore, as a matter of Federal Law, the defendant's sixth affirmative defense is without any merit and should not be so entertained by the court.

Claimant assert that this court has jurisdiction over 42 U.S.C. § 1983 claims to impose liability  "for conduct which subjects or cause to be subjected the complainant to a deprivation of a right secured by the constitution and laws."

<u>RIZZO V. GOODE</u>, 423 U.S. 362, 370-71, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Claimant's § 1983 claims rest on the grounds that the defendants' actions deprived him of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. Claimant assert that he was "falsely arrested for a crime he did not commit." In addition, when the Public prosecutor or other government officials institute and or caused to be instituted criminal charges which were further declined to prosecute on by the district attorney, it is obvious that the defendants knew that the charges were not supported by any probable cause, and claimant was led through an empty courtroom after being unlawfully

detained from December 30, 2009, throughout January 7, 2010.
A delay of arraignment of more than 24 hours is presumptively
unnecessary and, unless explained, constitutes a violation of
N.Y. Criminal Procedure Law § 140.20(1).
The Constitution gives an arrestee the right to be arraigned
within 48 hours.

Arraignment is not a mere technical formality. It is a means
by which essential fairness is introduced into the criminal
justice system balancing the rights of the public to be free from
criminal activity with the right of the defendant to be clothed
with a meaningful presumption of innocence, to allow him to
prepare his defense against the power of the State. Prompt
arraignment insures that defendant is advised of the charges
against him, and of his right to counsel, to seek bail, to
communicate with counsel, family and friends and to advise as to
whereabouts, to undertake prompt investigation of the charges,
and to do all that can be done to meet the challenge of the
arrest. The arraignment is a crucial stage in the proceedings
and from defendant's point of view it is the first time that he
is brought into neutral grounds/territory after being arrested,
fingerprinted, photographed and held incommunicado for a reasonable
period pending police proceedings.
Claimant assert that this court has jurisdiction over §1983, 1331
Presumption of jurisdiction over subject matter and over persons
involved in action is inherent chracteristic of a judgment.

Claimant further assert that jurisdiction of the Court is
invoked pursuant to 28 U.S.C. § 1367, §1332, §1341(a),(3), and
§1391(b) which authorizes jurisdiction in the Court over actions
under 42 U.C.A. §1983, Claimant also states that the Court has
jurisdiction because Claimant's claims arose out of violations of

both State and Federally Constituted Rights, Privileges, and immunity of clearly established laws.

The Court in the Matter of MAINE V. THIBOUTOT, 448 U.S. 1, held that every person who, under the color of state law, subject or cause to be subjected, any citizen of the United States, or other person within the Jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Const., and laws, shall be held liable to the party injured in an action at law, suit in equity, or proceeding for redress. Therefore, this Court should grant the relief sought by Claimant herein.

Claimant assert that as a whole, the entire process, and method used to unlawfully detain him from December 30, 2009, throughout January 7, 2010, deprived him of equal protection of the Fourteenth Amendment of the United States Constitution. Claimant was aware and conscious of his unauthorized detention in accordance with CPL §140.20(1).
Claimant assert that where his arrest and imprisonment is clearly proven to be extrajudicial, that is, without legal process and or color of authority, it is not necessary for him to alllege want of probable cause. The burden is on the defendants to prove the opposite in this matter.

Claimant further contends that he was not only claimed a deprivation of liberty to choose his own location from on the 30 day of December, 2009, throughout January 7, 2010. But the whole process used by the defendants upon Claimant's arrest, deprived him of his right secured by the Fourth Amend., of the U.S. Const.

Claimant assert that the defendant's failed to follow N.Y., State Criminal Procedure Law §140.20(1), and Article 1, §§ 2, and 6, of the State of New York Const. Claimant also contends that as a result of the defendant's failure to follow the Policy and

statutory requirements of the law, this conduct deprived Claimant of Due Process and Equal Protection of the law, and that this is an apparent common practice used by the New York County District Attorney's Office and the New York City Police Department to deprive Claimant who is of a minority race equal protection of the law.

Claimant further assert in the matter of MONELL V. NEW YORK CITY DEPT., OF SOCIAL SERVICES, 436 U.S. 658, the United States Supreme Court held that Section 1983 is a statute that was designed to be a remedy "against all forms of official violation of Federally protected Rights." Claimant also contends that these violations been committed by the state actors in this civil action which were intentionally done to deprive Claimant of his right to relief under 42 U.S.C.A § 1983, whereby Claimant is entitled to redress in this matter as a matter of law which should be so granted by this Court. See the District Court's decision in the matter of STANDT V. CITY OF NEW YORK, 153 F.Supp.2d 417 (S.D.N.Y. 2001). Claimant assert that with respect to the defendant's affirmative defense in Point #(9), Claimant did not file any such claim against the State of New York, instead the claim was filed within, the City of New York Comptroller's Office on behalf of the City defendants. Therefore, the this defense is vague and without merit.

Claimant assert and strongly contends that the rest of the defendant's claims are patently without merit and should not be entertained by the Court.

WHEREFORE, the defendant's request to dismiss Claimant's claims should in fact be dismissed in its entirety with prejudice, and Claimant should be granted the relief sought, or any further relief that this Court deems just, proper, and equitable as a matter of law.

Dated:   Watertown, New York

      August __16th__, 2011.

Sworn to before me this

__18th__ day of __August__, 2011

_Wanda BushMay_

**NOTARY PUBLIC.**

WANDA BUSH-MUNCY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LEWIS COUNTY
NO: 01BU5055613
MY COMMISSION EXPIRES FEB. 12, 2014

Respectfully submitted,

_Leroy Brown_

LERROY BROWN.

*Copies*

*Exhibit A*



**The City of New York**

**POLICE DEPARTMENT**
**LEGAL BUREAU**
F.O.I.L. Unit, Room 110C
One Police Plaza
New York, NY 10038

Watertown Correctional Facility                                          7/1/2011
 Leroy Brown 10R3988
P.O.Box 168
Watertown NY 13601-0168

                                    Foil Req #   2011-PL-3853

                                    Your File #

Dear Sir or Madam:

   This is in response to your letter dated 6/21/2011 which was received by this office on
6/28/2011 in which you requested access to certain records under the Freedom of Information
Law, N.Y. Public Officers Law (POL) §§ 84 et seq. (FOIL).

   Before a determination can be rendered, further review is necessary to assess the potential
applicability of exemptions set forth in FOIL, and whether the records can be located. I estimate
that this review will be completed, and a determination issued, within twenty business days of the
date of this letter.

   This is not a denial of the records you requested. Should your request be denied in whole or in
part, you will then be advised in writing of the reason for any denial, and of the name and address
of the Records Access Appeals Officer.

                                    Sincerely,

                                    *James Russo*

                                    James Russo
                                    Sergeant
                                    Records Access Officer

COURTESY • PROFESSIONALISM • RESPECT



**POLICE DEPARTMENT
LEGAL BUREAU**
F.O.I.L. Unit, Room 110C
One Police Plaza
New York, NY 10038

Watertown Correctional Facility                                          8/1/2011
Leroy Brown 10R3988
P.O.Box 168
Watertown NY 13601-0168

                                    Foil Req #        2011-PL-3853
                                    Your File #

Dear Sir or Madam:

   This letter is in further response to your letter dated 6/21/2011, which was acknowledged on 7/1/2011.

   Please be advised that this office requires additional time to determine your request. This office receives a very large number of FOIL requests. We make every effort to process FOIL requests as expeditiously as possible, in the order in which they are received.

   Your request has been assigned to Associate Investigator Hippolyte of this office, and it is estimated that processing of your request will be completed by 12/6/2011. The estimated time required to determine your request is based on the following factor(s):

   ☑ Records are located in several locations and are difficult to search or locate.
   ☑ Records are archived and are difficult to locate and retrieve.
   ☐ Numerous records must be reviewed in order to determine whether disclosure is required.
   ☐ Record(s) have not yet been received from other NYPD unit(s).
   ☐ Request is extremely voluminous and/or complex.
   ☐ Other:

   This is not a denial of the records you requested. Should your request be denied in whole or in part, you will then be advised in writing of the reason for any denial, and of the name and address of the Records Access Appeals Officer.

                                    Sincerely,

                        *Paralegal* ~~signature~~
                        *for*        James Russo
                                    Sergeant
                                    Records Access Officer

**COURTESY • PROFESSIONALISM • RESPECT**



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

*Copies*
*Exhibit B*

August 8, 2011

To Whom It May Concern:

    Please note that the attached letter explains that the case was declined to prosecute by the New York County District Attorney's Office. This means that the case did not go to court and that there is no court disposition for decline to prosecute cases. Under CPL 160.50 the complaint report and photo of the defendant were destroyed. Also, the fingerprints are sealed and suppressed.

                                        Sincerely,

                                        Donna Francavilla
                                        Central Services Unit
                                        Decline to Prosecute Unit
                                        (212) 335-9884



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

August 8, 2011

To Whom It May Concern:

On 12/31/2009, the New York District Attorney's office declined to prosecute charge(s) against the individual listed below:

|  |  |
|---|---|
| Defendant Name: | Brown, Leroy |
| Address: | 1964 1 AVENUE |
|  | NEW YORK, NY |
| Date of Birth: | 10/23/1969 |
| Original Charge(s): | PL221.10,01, PL221.05,00 |
| Arrest Number: | M2009714849 |
| Arrest Date: | 12/30/2009 |
| NYSID: | 2460568P |

Please address all further inquiries to Donna Francavilla at (212) 335-9884.

Sincerely,

**VALID ONLY WITH
RAISED SEAL.**

Donna Francavilla
Central Services Unit
Decline to Prosecute Unit

Copies

Exhibit C



Leroy Brown
Inmate #10-R-3988
W.C.F.
Post Office Box 168
Watertown, N.Y.,13601

July 29, 2011

Inmate Accounts
W.C.F.

Ref: Withdrawal from Inmate Acct., #10-R-3988

Dear Sir/Madam,

Please be advised that I am hereby writing to your office to kindly
request a withdrawal of $0.75¢ from my inmate Acct., made payable to the
New York County District Attorney's Office for copies of document from a
file maintained by this office, regarding Arrest No., M2009714849.

Thank you in advance for your assistance.

Respectfully submitted,

Leroy Brown



**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

July 14, 2011

Leroy Brown
10-R-3988
Watertown Correctional Facility
P.O. Box 168
Watertown, New York 13601

Re: F.O.I.L. Request
Arrest No. M2009714849

Dear Mr. Brown:

I write to determine your request under the Freedom of Information Law (F.O.I.L.). The request was received by this office on or about July 7, 2011. I have received and reviewed the relevant case files and my determination of your request is as follows:

Access is granted to the three pages contained in the file, including the declination of prosecution and omniform arrest report, upon receipt of a check or money order for $.75, payable to the New York County District Attorney's Office. Please note that attorney work product, a witness statement, and police officer tax identification numbers will be redacted from these documents for the following reasons:

Access is denied to attorney work product, which encompasses mental impressions, conclusions, opinions, legal theories, interview notes, and communications of an attorney. CPLR § 3101. John Blair Communications, Inc. v. Reliance Capital Grp., 182 A.D.2d 578 (1st Dept. 1992); Corcoran v. Peat Marwick, 151 A.D.2d 443 (1st Dept. 1989). Attorney work product is not discoverable under F.O.I.L. See Public Officers Law § 87(2)(a).

Access is denied to witness statements. Information imparted from civilians to the police during the course of an investigation is confidential and not subject to disclosure under F.O.I.L. Matter of Johnson v. New York City Police Department, 257 A.D.2d 343, 694. Therefore, such documentation is exempt from disclosure under F.O.I.L. Public Officers Law Section 87(2)(b), and 87(c)(iii).

Access is denied to police officers' tax identification numbers because the release of such information would constitute an unwarranted invasion of individuals' personal privacy. See Public Officers Law § 87(2)(b).

The Freedom of Information Law Appeals Officer is Assistant District Attorney Patricia J. Bailey, Chief of the Special Litigation Bureau, at the same address.

Sincerely,

Eleanor Nussbaum
Trial Preparation Assistant
Records Access Officer

cc: Maureen O'Connor
Assistant District Attorney

FORM 2702 (REV. 3/90)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

**INMATE ACCOUNTING SYSTEM - MAIL RECEIPT**

E 215014

DATE: _____ (Required)

| CODE TYPE | | | INMATE NUMBER | | | | | | "SHORT NAME" | | | | REC'D FROM* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0 | 1 | | | | | | | | | | | |

FOR: INMATE

FROM: LAST NAME                    FIRST NAME                    MI          SUFF

ADDRESS                                                          APT. NO.

CITY                              STATE                          ZIP CODE

**AMOUNT IN WORDS**                                   **TOTAL AMOUNT**

DOLLARS _____ CENTS ___    $ | | | | | | 7 | 5 |

I CERTIFY THE ABOVE AMOUNT TO BE TRUE AND CORRECT

**CHECK ITEMS RECEIVED**

EMPLOYEE SIGNATURE

☑ CHECK NO. _14942_
☐ MONEY ORDER NO. _____
☐ POST. EXP. NO. _____
☐ CASH _____

DISTRIBUTION:  White  - In Book
　　　　　　　Yellow - To Business Office
　　　　　　　Pink   - To Inmate

*SEE TABLE B-6

---

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

**DISBURSEMENT OR REFUND REQUEST**

J-2 (31 T)  CELL LOCATION

NAME  LEROY BROWN                    DATE  July 29th      20 11

| CODE TYPE | | INMATE NUMBER | | | | | | | "SHORT NAME" | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 0 | R | 3 | 9 | 8 | 8 | L | B | R | O | |

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER  | / | 1 | 9 | 4 | 7 | 2 |

RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP

AMOUNT $  | X | X | X | X | 7 | 5 | ¢ |

SENT TO CODE
(SEE TABLE B-6)

ITEM DESCRIPTION  Payment to N.Y., County D.A.'s Office/Copies

| LAST NAME | FIRST NAME | MI | SUFF |
|---|---|---|---|
| NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE | | | |

SENT TO OR PURCHASE FROM

ADDRESS  One Hogan Place                                        APT. NO.

CITY  New York,          STATE  New York          ZIP CODE  10013

I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.

APPROVED _____ DATE _____
(SOURCE AREA)

APPROVED _____ DATE _____
(BUSINESS OFFICE)

_____
(INMATE SIGNATURE)

FORM 2706 (REV. 8/93)          Original - Business Office          Yellow - Approving Office          Pink - Inmate

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                      (SS.:
COUNTY OF JEFFERSON  )

    I, <u>LEROY BROWN</u>, being duly sworn, deposes and says that:

    1. I am the above-named claimant in this entitled matter and all the proceedings hereto.

    2. That on this 17th day of June , 2011, I have placed an exact notarized copy of the original attached hereto to the last Known designated address of the following individual offices for such purposes; Notice of Claim against the County of New York. In the United States Postal Depository Via Watertown Correctional Facility Inmate's mail drop box to be so mail [ ] First Class Mail; [X] Certified Mail with Return Receipt Requested, to the herein named:


To: Comptroller of the City of New York
    One Centre Street, Room 1225
    New York, N.Y 10007


To: The Office of the Attorney General
    Department of Law
    120 Broadway
    New York, N.Y. 10271-0332


To: The New York County District Attorney's Office
    Cyrus R. Vance, Jr.
    One Hogan Place
    New York, N.Y.  10013


Sworn To Before Me This
17th day of June, 2011.

N O T A R Y   P U B L I C

                                   LEROY BROWN , CLAIMANT

GARY R. SNYDER
Notary Public, State of New York
No. 01SN8223243
Qualified in Lewis County
Commission Expires June 07, 20 14

**CLAIM AGAINST THE CITY OF NEW YORK**
**CAUSE OF ACTION**

**INJURY/CLAIM**

**Office of the Comptroller**
**Municipal Building, Room 1225 #1 Centre Street**
**New York, N.Y. 10007**

**NOTICE OF CLAIM**

To The Comptroller of The City of New York: I herewith present my claim and
Notice of Claim against the City of New York Police Department, New York County
District Attorney's Office.

**PESONAL INFORMATION:**

Name of Claimant:          Age: 41    Date of Birth: 10-23-69    If Married,
                                                                 Spouse's Name: No

Last Brown    First Leroy

-------------------------------------------------------------------
**INJURY/CLAIM INFORMATION**

Date of Accident:              Exact Location of Accident:

Month  Day  Year               1964 1st Ave

12 / 30 / 69                   New york, Ny 10029

Time 10:10 [ ]AM [✓]PM

**Description How Incident Occurred**

I was arrested on 12/30/69 and detained
at Manhanttan Criminal Court. Central Booking, Detained
until January 7th, 2010

-------------------------------------------------------------------
Witness to Accident          If Yes, Give Name,

[✓]Yes    [ ]No              Last: Patricia Carter  First:

-------------------------------------------------------------------

**DESCRIPTION OF INJURY/CLAIM IN DETAIL**

As a result of my pre-arraigment incarceration for well over
114 hours. without an arraigment. This process of criminal action brought
against me by the N.Y.C 23rd Pct. Police Dept. and the N,y County, District Attorneys
office Violated my Procedural Due process, and Equal protection under New York
State Criminal Procedure law Section 140.20 (1) Article 1 Section 6, 11, and 12
USE EXTRA PAPER IF NEEDED. Con't -----------------------------------

**EMPLOYMENT INFORMATION**

Status At Time of Accident [ ] Employed    [✓]Unemployed    [ ] Retired

Amount Earned Weekly $ N/A

Number of days lost N/A (If Any)

Employer's Name: N/A

Employer's Address: N/A

of N.Y. State Const, and the Fourth, Fifth, and Fourteenth Amendments of the U.S. Const.. I was deprived of rights, privileges, and immunities as a result of the Unconstitional Discrimination and my Civil Rights being Violated. I was illegally detained for well over 114 hours which was without probable cause, leading to my Suffering of Intentional mental Stress, anguish, and anxiety, embarrasment upon being arrested on 12/30/09 at my place of residents, handcuffed, charged and fingerprinted, photographed for (1) misdemeanor offense. Thereafter, the District Attorney Declined to prosecute on my 180.80 day resulting in the case and charge being dismissed and Sealed upon termination of criminal action in my favor pursuant to CPL 160.50 on January 7th 2009.

   End of Complaint

Leroy Brown
**Claimant.**

Office of the Comptroller
Municipal Bldg., Room 1225
#1 Centre Street
New York, N.Y. 10007

POSTAL ADDRESS OF CLAIMANT: Watertown, Correctional Facility
23147 Swan Road, Watertown, N.Y. 13601-0168

TOTAL AMOUNT CLAIMED
AS DAMAGES FOR CLAIM
OF INJURY

$ 10,000,000.00

Signature of Claimant Leroy Brown    Date 6/14/11

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF JEFFERSON  )

I, Leroy Brown , being duly sworn, deposes and says that I have

read the foregoing NOTICE OF CLAIM AND KNOW THE CONTENTS THEREOF: that same is

true to the best of my knowledge, except as to those matters therein stated

upon information and belief, and as to those matters, I believe to be true and

correct.

Leroy Brown
Signature of Claimant.

Sworn to before me this

14th day of June, 2011

Gary R Snyder
NOTARY PUBLIC.

GARY R. SNYDER
Notary Public, State of New York
No. 01SN6223243
Qualified in Lewis County
Commission Expires June 07, 20 14

## VERIFICATION

STATE OF NEW YORK       )

                            )SS.:

COUNTY OF JEFFERSON     )

I, _Leroy Brown_ , being duly sworn deposes and says,

that: I am the claimant herein named and as such I have read the

foregoing notice of intention to file a claim against the County

of New York, New York City Police Department, and the County of

New York District Attorney's Office, and know its contents; the

same is true to my own knowledge, except as to those matters so

stated to be alleged on information and belief, and as to those

matters, I believe to be true and correct.

Sworn to before me this

14th day of June, 2011.

_Garry R. Snyder_
NOTARY PUBLIC.

GARY R. SNYDER
Notary Public, State of New York
No. 01SN6223243
Qualified in Lewis County
Commission Expires June 07, 20 14

_Leroy Brown_
CLAIMANT.